UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-S4, MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>     Plaintiff,<br><br>v.<br><br>FERNANDO V. RIVABEM; LISET RIVABEM; U.S. DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE; UNKNOWN TENANT NO. 1; and UNKNOWN TENANT NO. 2,<br><br>     Defendants. | CASE NO:  1:24cv20441 |

## COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff, U.S. Bank National Association, as Trustee of J.P. Morgan alternative Loan trust 2006-s4, Mortgage Pass-Through Certificates ("**US Bank**" and/or "**Plaintiff**"), sues Defendants, Fernando V. Rivabem and Liset Rivabem (the "**Rivabems**"); U.S. Department of the Treasury – Internal Revenue Service ("**IRS**"); Unknown Tenant No. 1 in Possession of the Subject Property, and Unknown Tenant No. 2 in Possession of the Subject Property (collectively, the "**Defendants**"), and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action to foreclose on real property located in Miami-Dade County, Florida, and for damages arising out of claims for breach of note. The Plaintiff and Defendants are of different states and the amount at issue exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

2. US Bank is a national banking association, with its headquarters and principal place of business in Minneapolis, Minnesota.

3. The Rivabems are individuals who reside in and are domiciled in Miami-Dade County, Florida.

4. Defendant IRS is an agency of the United States of America. The IRS is a proper party to be sued in this action by virtue of 28 U.S.C. § 2410, which provides in part that the United States may be named in any civil action or suit in any district court to foreclose a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

5. Unknown Tenant No. 1 is an individual who resides in and is domiciled in Miami-Dade County, Florida.

6. Unknown Tenant No. 2 is an individual who resides in and is domiciled in Miami-Dade County, Florida.

7. The real property that is the subject of this action is located in Miami-Dade County, Florida.

8. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and

Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

9. Venue in the Southern District of Florida accords with 28 U.S.C. § 1391 because the real property that is the subject of this action is located in the Southern District of Florida and because the Rivabems reside in and are domiciled in the Southern District of Florida.

10. Every condition precedent to this action was either performed, waived, or excused.

## GENERAL ALLEGATIONS

11. On July 11, 2006, Defendant Fernando Rivabem executed and delivered to Countrywide Home Loans, Inc. ("**Countrywide**") a promissory note (the "**Note**") in the original principal amount of Seven-Hundred Thirteen Thousand, Six-Hudred Dollars ($713,600.00) (the "**Loan**").  A true and correct copy of the Note is attached as **Exhibit A**.

12. The Note is secured by a Mortgage (the "**Mortgage**") dated July 11, 2006, encumbering the real property described as:

> Lot 9, Block 3, SUBURBAN ESTATES, according to the plat thereof as recorded in Plat Book 57, Page(s) 71, Public Records of Miami-Dade County, Florida.
>
> Parcel Identification Number: 33-50-23-003-0260

**15020 Old Cutler Road, Village of Palmetto Bay, Florida 33156** (the "**Property**"):

13. The Mortgage was recorded on July 20, 2006, in the Official Records of Miami-Dade County, Florida in Book 2470, at Page 3906.  A true and correct

copy of the Mortgage is attached as **Exhibit B**.

14. The Note and Mortgage shall be collectively referred to herein as the "**Loan Documents**".

15. The Rivabems own the Property.

16. US Bank holds the Loan Documents, including the Original Note, which is endorsed in blank. A Certification of Possession of Original Promissory Note is attached hereto as **Exhibit C**.

17. Specialized Loan Servicing ("**SLS**") is the mortgage servicer that is currently servicing the Rivabems' Loan Documents and has authority to act on behalf of US Bank through a Power of Attorney. A true and correct copy of the Power of Attorney is attached hereto as **Exhibit D**.

18. The Rivabems defaulted under the terms of the Loan Documents by, among other things, failing to remit the payment due on October 1, 2009, and all subsequent payments.

19. As a result of the Rivabems' default under the Loan Documents, on July 18, 2023, US Bank, through its mortgage servicer SLS, sent the Rivabems written notices of the default and provided an opportunity to cure the default (the "**Default Notices**"). A true and correct copy of the Default Notices are attached as **Composite Exhibit E**.

20. The Rivabems failed to cure the default within the deadline stated in the Default Notices.

21. Because of the default, US Bank has elected to accelerate all amounts due under the Loan Documents.

22. Exclusive of accrued interest, late fees, escrow advances, and other charges allowed per the Loan Documents, as of the date of filing, the Rivabems owe US Bank Six-Hundred Eighty-Four Thousand, Seven-Hundred Seventy-Seven Dollars, and fifty-seven cents ($684,777.57), in principal under the Loan Documents.

23. US Bank retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorney's fees, which fees are recoverable from the Rivabems under the Loan Documents.

## COUNT I - FORECLOSURE OF MORTGAGE

24. The Loan Documents are in default for the Rivabems failure to pay the October 1, 2009, payment, and the payments due each month thereafter.

25. All amounts due thereunder are accelerated and are presently due and owing to US Bank.

26. US Bank's rights in the Loan Documents are superior to any other claim or lien against the property.

27. Defendant IRS may claim or have some interest in or lien or claim upon the Property by virtue of Notices of Federal Tax Lien recorded in Book 31478 at Page 1535, Book 31498 at Page 1948, and Book 32656 at Page 1622, of the Official Records of Miami-Dade County Florida. But any such interest, lien or claim is junior, inferior and subordinate to the lien of US Bank's Mortgage.

28. Unknown Tenant No. 1 in Possession of the Subject Property and Unknown Tenant No. 2 in Possession of the Subject Property may claim or have some interest in or lien or claim upon the Property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is junior, inferior and subordinate to the lien of US Bank's Mortgage.

**WHEREFORE**, Plaintiff, U.S. Bank National Association, as Trustee of J.P. Morgan alternative Loan trust 2006-s4, Mortgage Pass-Through Certificates, demands judgment in its favor and against all Defendants as follows:

(a) awarding a judgment in favor of US Bank for all sums owed to US Bank under the Loan Documents, including all costs and reasonable attorneys' fees;

(b) determining that US Bank holds a lien on the Property for the total sum of the debt claimed under the Loan Documents, which lien is superior to any claim or interest of all Defendants and all persons claiming by, through, under or against this Defendants since the filing of the Notice of Lis Pendens;

(c) directing that if the sum determined owed to US Bank is not paid within the time set by this Court, that the Property be sold to satisfy US Bank's claims;

(d) foreclosing the Mortgage and the interest of all Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens;

(e) awarding in the event the proceeds from the foreclosure sale are insufficient, a deficiency judgment against any Defendant responsible therefore; and

(f) directing such other and further relief as this Court deems just and appropriate, including, without limitation, rights of possession.

## COUNT II - BREACH OF NOTE

35. Defendant Fernando V. Rivabem defaulted under the Note by failing to pay the October 1, 2009, payment, and the payments due each month thereafter.

36. Mr. Rivabem now owes US Bank the full amount of principal due under the Note of Six-Hundred Eighty-Four Thousand, Seven-Hundred Seventy-Seven Dollars, and fifty-seven cents ($684,777.57), plus accrued interest, default interest, late fees, processing fees, attorneys' fees and other expenses due per the Note.

**WHEREFORE**, Plaintiff, U.S. Bank National Association, as Trustee of J.P. Morgan alternative Loan trust 2006-s4, Mortgage Pass-Through Certificates, demands judgment against Defendant, Fernando V. Rivabem, for all amounts due under the Note, together with accrued interest thereon, default interest, late charges, processing fees, title search expenses, court costs, advances, attorneys'

fees, and all other amounts recoverable from Fernando V. Rivabem under the Loan Documents.

*/s/ J. Kirby McDonough*
J. Kirby McDonough
Florida Bar No. 79031
SPENCER FANE, LLP
201 N. Franklin St. Ste 2150
Tampa, FL 33602
Phone: 813-424-3501
kmcdonough@spencerfane.com

*Counsel for Plaintiff*

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this ___01/18/2024___

By: ___Nicholas J. Raab___

Its: ___Assistant Vice President___

**Specialized Loan Servicing LLC**

US Bank v. Rivabem, et al., page -8-