UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20441-DPG

U.S. BANK NATIONAL ASSOCIATION
*as Trustee of J.P. Morgan Alternative
Loan Trust 2006-S4, Mortgage Pass-Through
Certificates*,

      Plaintiff,

v.

FERNANDO V. RIVABEM, *et al*.,

      Defendants.
_____ /

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants' Verified Motion for Attorney's Fees and Costs. (ECF No. 22). Plaintiff filed a response (ECF No. 23), to which Defendants filed a reply (ECF No. 25). The Motion was referred to the Undersigned United States Magistrate Judge by the Honorable Darrin P. Gayles. (ECF No. 24). Having considered the Motion, Response, Reply, and being otherwise duly advised, the undersigned recommends that Defendants' Motion (ECF No. 22) be **DENIED.**

**I.   BACKGROUND**

This matter involves Plaintiff's claims for foreclosure and breach of note against Defendants Fernando V. Rivabem and Liset Rivabem. Plaintiff brought this action as holder of the Note and Mortgage (collectively, "the Loan Documents") for Defendants' real property in Miami-Dade County, Florida. Plaintiff, as a citizen of Minnesota, filed suit in this Court pursuant to diversity jurisdiction. *See generally* 28 U.S.C. § 1332(a).

Plaintiff alleged that Defendants defaulted under the Loan Documents by having failed to

1

remit payment since October 1, 2009. Plaintiff issued Defendants notices of their default and provided deadlines by which to cure the default. When Defendants failed to do so, Plaintiff elected to accelerate all amounts due under the loan. This action for foreclosure and breach of note followed. Attendant to its claims, Plaintiff alleged it was entitled to attorney's fees pursuant to the Loan Documents. Indeed, the Loan Documents contained the following fee-shifting provisions: section 6(E) [1] of the Promissory Note, and sections 22[2] and 24[3] of the Mortgage Note.

Although the Complaint was filed on February 2, 2024, the docket shows no indication that Plaintiff actually effectuated service; a return of service filed on the docket stated that a copy of the Complaint was left at Defendants' residence on July 13, 2024. *See* (ECF Nos. 10, 11). Defendants moved to dismiss for failure to serve the Complaint within 90 days and insufficient service of process (ECF No. 12). The motion argued that Plaintiff failed to timely serve Defendants and had not moved to extend the time to do so. Moreover, the attempted service—by way of leaving the complaint and summons at Defendants' door—was insufficient, in addition to being untimely. (*Id.*). In support of their argument on insufficient service, Defendants created affidavits and deposed the process server who attempted service.

---

[1] "If the Note Holder has required [the Lendee] to pay immediately in full . . ., the Note Holder will have the right to be paid by [the Lendee] for all of its costs and expenses in enforcing this Note to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees." (ECF No. 1-5 at 3).

[2] "Lendor shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security instrument, foreclosure by judicial proceeding and sale of the property." "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose the Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence." (ECF No. 1-6 at 11).

[3] Though Defendants' Motion identifying the fee-shifting provisions labels the provision as section 18, the language quoted in Defendants' Motion is from section 24: "As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding." (ECF No. 1-6 at 12).

The District Court found that Plaintiff did not dispute its failure to serve Defendants within 90 days. Moreover, Plaintiff failed to move for an extension of time to effect service, and the Court did not find good cause to extend the time to serve Defendants post hoc. (ECF No. 20). To that end, the Court granted Defendants' Motion and dismissed the claims without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The District Court did not rule on Defendants' factual attack on Plaintiff's attempts at service.

Defendants now move the Court for an award of their reasonable attorneys' fees and costs.

## II.  DISCUSSION

Defendants move the Court for a finding of entitlement to fees under section 57.105(7), Florida Statutes, and the fee-shifting provisions of the Loan Documents. It is undisputed that each provision gives Plaintiff, as the lender, the unilateral right to collect attorneys' fees in actions to accelerate payment of the loan or foreclose on the security instrument.

When a contract includes such unilateral provisions, section 57.105(7), Florida Statutes, "provide[s] mutuality of attorney's fees as a remedy in contract cases." *Mediplex Const. of Fla., Inc. v. Schaub*, 856 So. 2d 13, 15 (Fla. 4th DCA 2003). The statute provides,

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party *when that party prevails in any action*, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. Ann. § 57.105(7) (West) (emphasis added). Thus, under section 57.105(7), fees may only be awarded upon the satisfaction of the statute's two prongs: first, a contractual provision allows recovery of attorneys' fees; second, a party prevails in any action with respect to the contract. *See Page v. Deutsche Bank Tr. Co. Ams.*, 308 So. 3d 953, 959 (Fla. 2020).

Plaintiff does not dispute whether the fee-shifting statute properly applies, nor does it raise any objection regarding the contractual provisions on which Defendants rely. Rather, Plaintiff

3

contends that Defendants have not prevailed in this case. Plaintiff argues that Defendants should not be considered the prevailing party in this action because dismissal was based on a lack personal jurisdiction; therefore, Defendants should not be entitled to attorneys' fees.

Under Florida law, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992) (adopting the United States Supreme Court's test set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). "A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party." *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990). Still, "there must be some end to the litigation on the merits" to determine whether the party seeking attorneys' fees indeed prevailed. *Id.*

Defendants submit that, notwithstanding the dismissal here having been without prejudice, Florida law supports their entitlement to attorneys' fees. In support, Defendants cite to a number of Florida state court cases in which defendants were awarded attorneys' fees following dismissal without prejudice. *See, e.g.*, *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163 (Fla. 5th DCA 2011) (finding defendant was prevailing party and entitled to attorneys' fees where foreclosure action was dismissed without prejudice for lack of standing); *Romaguera v. Tr. Mortg., LLC*, 238 So. 3d 394 (Fla. 3d DCA 2018) (reversing denial of entitlement to fees where foreclosure action was dismissed for failure to serve witness and exhibits lists before trial); *Raza v. Deutsche Bank Nat. Tr. Co.*, 100 So. 3d 121, 123 (Fla. 2nd DCA 2012) (finding defendant was entitled to fees where foreclosure action was dismissed without prejudice for failure "to comply with the court's directives").

However, whether dismissal of this action was with or without prejudice is not determinative of prevailing party status in this case. Rather, the relevant inquiry under Florida law

4

is whether Defendants prevailed on a "significant issue in this litigation." *See Moritz*, 604 So. 2d at 810. The docket in this case reflects that they did not.

This action was dismissed pursuant to Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Though Defendants' motion to dismiss argued that the drop-service attempted after the 90-day deadline was insufficient, and they took discovery in support of that position, the District Court made only two determinations. First, Plaintiff failed to serve the Defendants within 90 days or move for an extension of time to effectuate service; second, Plaintiff failed to provide good cause to post hoc extend the time for service. These findings were premised upon Plaintiff's failure to dispute these points. Consequently, no actual dispute of fact or law was resolved in the District Court's order, and it cannot be said that the dismissal here was premised upon Defendants' victory on a "significant issue in this litigation."[4]

In an analogous case, the Fifth District Court of Appeal likewise declined to find that a defendant prevailed where a foreclosure action was dismissed for lack of personal jurisdiction following the plaintiff's unsuccessful effectuate service. *Torruella v. Nationstar Mortg., LLC*, 308 So. 3d 674 (Fla. 5th DCA 2020). There, the Court noted that "the trial court only decided whether service of process was sufficient, not whether the foreclosure action had merit." *Id.* at 677. The court reasoned that although the defendant succeeded in dismissing the action for lack of personal jurisdiction, "she did not prevail on any 'significant issue' in the overall litigation between the

---

[4] Moreover, the Court's lack of personal jurisdiction over Defendants is not the result of an affirmative finding to that effect; rather, this is a consequence of Plaintiff having failed to effectuate service. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

parties." *Id.* at 677. The Court finds *Torruella* indistinguishable to the instant case.

Defendants submit that *Torruella* should be disregarded because the Eleventh Circuit identified it as "inconsistent." *See* (ECF No. 25 at 2) (citing *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 965 (11th Cir. 2023)). But the Court in *Royal Palm* was considering whether a *voluntary* dismissal without prejudice conferred prevailing party status and, ultimately, elected not to take a position on the question. *See* 57 F.4th at 964–65.

Moreover, courts in this district have cited to *Torruella* with approval in finding that dismissal for lack of jurisdiction did not confer prevailing party status under Florida law. *See Worth Grp., Inc. v. Morales*, No. 22-CV-81372, 2024 WL 5264047 (S.D. Fla. Feb. 28, 2024)[5]; *see also Fitzgerald v. McNae*, No. 22-22171-CIV, 2024 WL 3982335, at *5 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted,* 2024 WL 4133068 (S.D. Fla. Sept. 10, 2024). In *Morales*, the court determined that the defendant had not "prevailed," as is required under section 57.105(7), when the case was dismissed for lack of personal jurisdiction. *See* 2024 WL 5264047, at *4 (citing *Torruella*, 308 So. 3d 674). While Defendants argue that *Morales* supports their claim of entitlement because the court ultimately recommended awarding attorneys' fees, *see* (ECF No. 25 at 3), this argument ignores that the *Morales* court found entitlement on a separate contractual provision not subject to section 57.105(7). With respect to the statute at issue here, the *Morales* court determined that dismissal on personal jurisdiction grounds does not a prevailing party make.

Finally, Defendants argue that the Court should rely on the case of *Kyte v. Discover Bank*, 369 So. 3d 726, 729 (Fla. 2nd DCA 2023), in lieu of *Torruella*. However, the facts and analysis in *Kyte* are distinguishable. In *Kyte*, the underlying action was dismissed for failure to prosecute prior

---

[5] In *Morales*, the court made its findings in a Report and Recommendation to the District Court, to which the parties lodged no objections. *See* Case No. 22-CV-81372. Ultimately, the parties stipulated to a resolution and dismissal of the matter before the Report and Recommendation could be adopted. The analysis therein remains illustrative to the issues at bar.

6

to service of process. The court relied on the grounds for dismissal—failure to prosecute, *not* failure to serve—in determining that the defendant was the prevailing party under section 57.105(7). *See id*. at 729. It was only after its determination on entitlement that the court determined that a prevailing party who was not subject to personal jurisdiction can nonetheless be awarded fees. *See id*. This distinction, though subtle, encapsulates the flaw of Defendants' position. *Kyte* illustrates that Florida courts look to the basis of the victory in determining whether a party prevailed. And while Defendants rely on a slew of cases where actions were dismissed for failure to prosecute, lack of standing, or failure to comply with court order, Defendants cite to no cases in which a defendant who obtained dismissal under Florida's equivalent to Federal Rule of Civil Procedure 4(m) was found to have prevailed on a "significant issue." *See generally* Fla. R. Civ. P. 1.070(j) ("If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party[.]"). On this point, *Torruella* is "controlling." *Morales*, 2024 WL 5264047, at *4.

Accordingly, because the record does not reflect that Defendants prevailed on a "significant issue" in this litigation, Defendants have not established that they are the prevailing party under section 57.105(7), Florida Statutes. Therefore, Defendants' Motion should be denied on the grounds that they are not entitled to attorneys' fees.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Defendants' Verified Motion for Attorney's Fees and Costs (ECF No. 22) be **DENIED**.

A party may serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge, within **FOURTEEN (14)** days

of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 15th day of July, 2025.

                                          LAUREN F. LOUIS
                                        UNITED STATES MAGISTRATE JUDGE