**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 24-cv-20441-GAYLES/LOUIS**

**U.S. BANK NATIONAL ASSOCIATION,**

     Plaintiff,

**v.**

**FERNANDO V. RIVABEM, *et al.*,**

     Defendants.

_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendants' Verified Motion for Attorney's Fees and Costs (the "Motion"). [ECF No. 22]. The Motion was referred to Magistrate Judge Lauren Fleischer Louis pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 24]. On July 15, 2025, Judge Louis issued her report recommending that the Motion be denied (the "Report"). [ECF No. 26]. Defendants have timely objected to the Report. [ECF No. 29].

    A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Louis recommended that the Motion be denied because Defendants had not prevailed on a "significant issue in this litigation." Report at 4 (citing *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Specifically, she found that the Court's Order dismissing this action without prejudice, based on Plaintiff's failure to (1) serve the Complaint within 90 days or move for an extension of time to effectuate service and (2) provide good cause to post hoc extend the time for service, did not resolve any disputed issues of law or fact.[1] *Id.* In their objections, Defendants argue that the Report erred in (1) using lack of personal jurisdiction to deny their entitlement to attorney's fees;[2] (2) using the "significant issue" test to determine prevailing party;[3] and (3) finding that Defendants were not the prevailing party. [ECF No. 29].

The Court has reviewed the Report and Defendants' objections and has conducted a *de novo* review of the record. The Court agrees with Judge Louis's well-reasoned findings and analysis. Based on the record in this case, the Court finds that Defendants were not prevailing parties under Florida law and, therefore, are not entitled to attorney's fees and costs.[4]

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

---

[1] Although Defendants argued in their Motion to Dismiss that Plaintiff's service attempt after the 90-day deadline was insufficient, the Court did not make any findings as to that issue. Rather, the Court only ruled on the undisputed fact that Plaintiff had not served Defendants within 90 days or moved for an extension of time to do so.

[2] Defendants misread the Report. Judge Louis did not state that Defendants' request for fees should be denied based on a lack of personal jurisdiction. Rather, she noted that the Court's lack of personal jurisdiction over Defendants was "not the result of an affirmative finding to that effect; rather, this is a consequence of Plaintiff having failed to effectuate service." Report at 5 n.4 (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). In short, Judge Louis was simply reaffirming that this Court had not ruled on any significant issues in the litigation.

[3] Defendants' reliance on *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2000) and *Ham v. Portfolio Recovery Assoc., LLC*, 308 So. 3d 942 (Fla. 2020) is misplaced. Both *Page* and *Ham* addressed reciprocity under Florida Statute § 57.104(7)—an undisputed issued in this litigation—not the standard to determine whether a party prevailed.

[4] While a dismissal without prejudice can result in a defendant prevailing on the merits of a case, *See Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 965 (11th Cir. 2023), that is not the scenario here. Plaintiff did not voluntarily dismiss its claims, and the Court did not dismiss for lack of standing or subject matter jurisdiction. Indeed, the Court dismissed this action based on Plaintiff's failure to timely serve and made no factual findings as to the merits of Plaintiff's claims.

(1)     Judge Louis's Report and Recommendation, [ECF No. 26], is **ADOPTED in full**;

(2)     Defendants' Verified Motion for Attorney's Fees and Costs, [ECF No. 22], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of August, 2025.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE